IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON,

                Plaintiff,

v.                                                   OPINION & ORDER

MICHAEL D. GUOLEE, PAUL L. TIFFIN, and             17-cv-310-jdp
MICHAEL J. BACKES,

                Defendants.

---

     Pro se plaintiff David Darnell Nelson is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at the Waupun Correctional Institution. Nelson has filed a complaint about his state-court conviction for second-degree sexual assault of a child. He asks the court to award him $1 million and to throw out his conviction. The court determined that Nelson qualifies for *in forma pauperis* status, and Nelson made an initial partial payment of the filing fee. Dkt. 5.

     The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Because Nelson is challenging an underlying conviction—again—his claims are not, at this time, actionable under 42 U.S.C. § 1983, and I will dismiss his complaint.

ALLEGATIONS OF FACT

I draw the following facts from Nelson's complaint. Dkt. 1.

Nelson's allegations are about his state-court conviction for second-degree sexual assault of a child: defendant Michael D. Guolee was the judge, defendant Paul L. Tiffin was the district attorney, and defendant Michael J. Backes was Nelson's attorney. Nelson describes the events that led to his arrest and conviction. On March 13, 2012, he was walking with a girl; she told him she was 18 years old. Police officers pulled up to Nelson and the girl and explained that the girl "fit the description of a runaway." *Id.* at 2. The officers put the girl in their car and told Nelson to go home. He did. Then the officers went to Nelson's house and told him that a detective wanted to speak with him. Nelson said that he didn't want to speak with anyone, but the officers threatened Nelson, forced him into their car, and took him to the police station. There, a detective explained that the girl had said that Nelson had raped her. Nelson denied it. The officers took Nelson to the hospital "for DNA." *Id.* at 3.

Fast forward a bit. Nelson met with his attorney, Backes, and Backes told Nelson to "waive [his] hearings." *Id.* Nelson did not understand; he was mentally ill. On May 15, 2012, Nelson appeared in court. The district attorney, Tiffin, read a letter from the victim. The letter explained that Nelson did not rape her and that he "was a good guy." *Id.* After Tiffin read the letter, the judge, Guolee, got off the bench, gave Nelson "a mad man" look, and told him to tell him what happened or he would put Nelson in prison for 60 years. *Id.* Nelson looked to Backes for help, but Backes did not say anything. Nelson relented and said that he did not want to go to prison. Guolee had Nelson "sign some paper"—probably a plea agreement—but Nelson did not know what was going on. Guolee sentenced Nelson to five years—"3 in and 2 out"—for second-degree sexual assault of a child. *Id.*

Nelson suffers from antisocial disorder, panic disorder, depression, obsessive-compulsive disorder, and schizophrenia. Nelson contends that "they"—presumably defendants—were deliberately indifferent to Nelson's mental health needs during the May 2012 hearing: he did not understand his rights or what was going on. Defendants charged Nelson with a crime that he did not commit and relied exclusively on statements he uttered after he was threatened. Nelson asks me to throw his case and his statements out, and he wants $1 million for his pain and suffering.

ANALYSIS

Nelson's allegations are familiar. This is the second time that he has attempted to challenge his second-degree sexual assault of a child conviction via a § 1983 suit for money damages. *See Nelson v. State of Wisconsin*, No. 16-cv-554 (W.D. Wis. filed Aug. 8, 2016).[1] As I explained in that case, Nelson is not entitled to the relief he seeks.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) (citation omitted). Put differently, plaintiffs may bring claims for unconstitutional things that happen to them while incarcerated under 42 U.S.C. § 1983, but plaintiffs challenge the fact or duration of their confinement under 28 U.S.C. § 2254. Nelson's complaint—like

---

[1] Nelson's allegations here are nearly identical to those he advanced in No. 16-cv-554. There, I noted that Nelson had alleged "that officers violated his Fourth Amendment rights when they arrested him; that the judge and the district attorney violated his rights when they charged him with and convicted him of sexual assault; that defense counsel was ineffective; that he did not know that the victim was a child; and that the victim lied about her age, among other allegations." No. 16-cv-554, Dkt. 12, at 2.

his complaint in No. 16-cv-554—is somewhat of a hybrid: he is attempting to challenge his underlying conviction, but he asks for money damages for constitutional violations. But "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Id.* at 751 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Nelson challenges the constitutionality of his plea and, as a result, his conviction. Nelson cannot bring the claims he is attempting to bring—even though he is alleging violations of his constitutional rights—because he is essentially challenging his underlying state-court conviction. A judgment in Nelson's favor here would necessarily undermine Nelson's conviction and imply that it is invalid. For this reason, I must dismiss Nelson's case.

And I will not *sua sponte* convert Nelson's case from a § 1983 action to a habeas action, for several reasons. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants. . . . It may be that as a § 1983 suit it is defective, but if so the proper step would have been to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment, rather than to 'convert' the case to an impossible or inappropriate alternative suit."). As mentioned, Nelson seeks money damages, which are not available under § 2254, making conversion all the more inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). And when Nelson filed this suit, he also filed a second: a habeas petition about these exact facts. *See Nelson v. State of Wisconsin*, No. 17-cv-311 (W.D. Wis. filed Apr. 26, 2017). That case is under advisement, and I anticipate that I will screen it soon.

I will dismiss Nelson's complaint and consider his claims as raised in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson's case is DISMISSED.

2. The clerk of court is directed to enter judgment and close this case.

Entered August 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge